NO.
12-10-00249-CR

                        

IN THE COURT OF
APPEALS 

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

ADRIAN
D. UPSHAW,                                     §                 APPEAL FROM
THE 241ST

APPELLANT

 

V.                                                                         §                 JUDICIAL
DISTRICT COURT

 

THE STATE OF TEXAS,

APPELLEE                                                        §                 SMITH
COUNTY, TEXAS

                                                        
                                           

MEMORANDUM OPINION

            Adrian
D. Upshaw appeals his conviction for possession of a prohibited substance in a
correctional facility.  In his sole issue, he argues that the trial court’s
judgment identifies the wrong person as his trial counsel.  We modify the
judgment of the trial court, and as modified, affirm.

 

Background

            In
April 2010, Appellant entered a negotiated guilty plea to
possession of a prohibited item in a correctional facility; namely, marijuana
in the Smith County jail. He was placed on community supervision for ten
years.  In June 2010, the State filed an application to revoke Appellant’s
community supervision, alleging that he had used PCP while on community
supervision.  Appellant pleaded “true” to the allegation.  Based upon his plea,
Appellant was sentenced to six years of imprisonment.  This appeal followed.

 

Judgment

In
his sole issue, Appellant argues that the judgment lists the wrong person as
his trial counsel.  The judgment in a criminal case must list the name of the
defendant’s counsel.  See Tex.
Code Crim. Proc. Ann. art. 42.01, § 1(2) (Vernon Supp. 2010).  The
statute does not specifically state whether trial counsel or appellate counsel,
when they are different, should be listed.  In context, however, it appears
that it is trial counsel who should be listed because the other required
entries relate to the trial or the final hearing in the case.  Id.

Appellant’s
sentence was pronounced on July 21, 2010, and the trial court signed its
judgment on the same day.  The trial court appointed appellate counsel on July
28, 2010.  Appellant also filed his notice of appeal on July 28, 2010.  The
judgment lists his appellate counsel as the “Attorney for Defendant” and does
not list the attorney who represented him at trial.

Appellant
requests that we amend the judgment to delete the name of his appellate counsel
and replace it with the name of his trial counsel, Mr. Clifton Roberson.  The
State joins Appellant’s request. Moreover, the caselaw supports Appellant’s
request.  See Blanton v. State, No. 12-09-00448-CR, 2010 WL
4274774, at *2 (Tex. App.–Tyler Oct. 29, 2010, no pet.) (mem. op., not
designated for publication).  As we stated in Blanton, we have
the authority to modify or reform an incorrect judgment when, as here, we have
the necessary information before us to do so.  See id.; see
also Tex. R. App. P. 43.2(b).

The
State agrees that Mr. Clifton Roberson represented Appellant prior to his
conviction.  On July 28, 2010, Roberson filed a motion to withdraw as counsel
following the final hearing in this case, and the motion was granted that same
day.  According to the reporter’s record, Roberson represented Appellant
through his sentencing, which preceded the entry of the signed judgment. 
Therefore, we sustain Appellant’s sole issue.

 

Disposition

            We
modify the judgment to reflect that Appellant was represented by
Clifton Roberson.  As modified, we affirm the judgment of the
trial court. 

 

                                                                             Brian
T. Hoyle

                                                                                            
    Justice

 

 

 

Opinion
delivered June 30, 2011.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

(DO NOT PUBLISH)